a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKLIN GREGORO AYABAR, Petitioner | CIVIL DOCKET NO. 1:20-CV-428-P |
| VERSUS | JUDGE DRELL |
| JOSEPH D. MCDONALD, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is an Emergency Petition for Writ of Habeas Corpus and Emergency Stay of Deportation (ECF No. 1) filed by counsel on behalf of Petitioner Franklin Gregoro Ayabar ("Ayabar").  Ayabar is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement.

Because it is unclear whether this Court has jurisdiction over the Petition, the Government must expeditiously respond to the Petition (ECF No. 1), but only to the limited extent set forth in this Order.[1]

## I.    Background

Ayabar alleges that he is a citizen of the Dominican Republic and married to a United States citizen.  ECF No. 1 at 2.  Ayabar reports that his wife filed a Petition for Alien Relative, Form I-130, on Ayabar's behalf, which was approved. *See id.*

---

[1] While a summons has been issued (ECF No. 12), the record contains no return, no other indication that service has been attempted, and no other correspondence.  Given the emergent nature of Petitioner's request, however, expedited briefing may still be warranted.  Should service create an unavoidable delay, the Court will consider a request for extended briefing deadlines.

Ayabar alleges that he was ordered removed, *in abstentia,* in 2011, and was apprehended by ICE in February 2020.  ECF No. 1 at 10.  Ayabar alleges that he filed a motion to reopen and reconsider on March 30, 2020, and a motion for an emergency stay of removal and request for humanitarian relief on March 31, 2020.  *Id.*  Ayabar alleges that, due to the COVID-19 pandemic, "the documents filed have not been either docketed or adjudicated at this time."  ECF No. 1 at 11.

Ayabar was allegedly moved from Massachusetts to an Alexandria staging facility with a scheduled deportation of 3 a.m. on Tuesday, April 6, 2020.  ECF No. 1 at 2.  However, Ayabar's attorney is not certain of Ayabar's "current whereabouts." ECF No. 1 at 4, 5.

The Court ordered that Ayabar not be moved outside the Western District of Louisiana without providing the court 48 hours advance notice of the move and the reason therefor.  ECF No. 9.

## II.  Law and Analysis

If Ayabar is no longer in DHS/ICE custody, the Court cannot order his release and lacks subject-matter jurisdiction over the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.") (citation omitted).  Moreover, if Ayabar is subject to a final order of removal, and if his Petition is a challenge to that removal order, the Court may lack jurisdiction over Ayabar's challenge to his removal.  *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005);

*Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019) (REAL ID Act divested district courts of jurisdiction over § 2241 petitions attacking removal orders).

Because Ayabar's removal is allegedly imminent, and this Court's jurisdiction is indeterminable from the Petition alone, an expedited response to the Petition by the Government is warranted and authorized under Rule 4 of the Rules Governing § 2254 Cases, which are applicable to petitions filed under § 2241[2].

## III.    Conclusion

To determine whether the Court has jurisdiction, IT IS ORDERED that, on or before Wednesday, April 15, 2020, the Government shall file a response to the Petition (ECF No. 1), which response should be limited to the following issues: (1) whether Ayabar remains in the United States, and if so, where he is being held in custody; and (2) whether he is subject to a final removal order.  Counsel for Ayabar may also file a motion for leave to amend the Petition to include any information regarding the same issues.  Either party seek an extension, or additional expediting, of the briefing deadline upon a showing of good cause.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 8th day of April 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2]Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  *See Hickey v. Adler*, 2008 WL 3835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997).