a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKLIN GREGORO AYABAR, Petitioner | CIVIL DOCKET NO. 1:20-CV-428-P |
| VERSUS | JUDGE DRELL |
| JOSEPH D. MCDONALD, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is an Emergency Petition for Writ of Habeas Corpus and Emergency Stay of Deportation (ECF No. 1) filed by counsel on behalf of Petitioner Franklin Gregoro Ayabar ("Ayabar"). Ayabar is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement.

Because the Court lacks jurisdiction over the Ayabar's claim, the Petition (ECF No. 1) should be DISMISSED.

### I.   Background

Ayabar alleges that he is a citizen of the Dominican Republic and married to a United States citizen. ECF No. 1 at 2. Ayabar claims that his wife filed a Petition for Alien Relative, Form I-130, which was approved. *See id.*

Ayabar alleges that he was ordered removed, *in abstentia,* in 2011, and was apprehended by ICE in February 2020. ECF No. 1 at 10. He filed a motion to reopen and reconsider on March 30, 2020, and a motion for an emergency stay of removal and request for humanitarian relief on March 31, 2020. *Id.* Ayabar alleges that, due

to the COVID-19 pandemic, "the documents filed have not been either docketed or adjudicated at this time." ECF No. 1 at 11.

Ayabar was allegedly moved from Massachusetts to an Alexandria staging facility with a scheduled deportation of 3 a.m. on Tuesday, April 6, 2020. ECF No. 1 at 2. At the time of filing, Ayabar's attorney was not certain of Ayabar's "current whereabouts." ECF No. 1 at 4, 5. Given the apparent immediacy of these circumstances, the Court ordered that Ayabar not be moved outside this judicial district unless the Court was given notice 48 hours in advance. ECF No. 9. The Court then turned to the issue of jurisdiction.

Specifically, Ayabar's whereabouts may have been in question at the time of filing, and Ayabar's Petition seemed to challenge a final order of removal. Therefore, the Court ordered Respondents (collectively, the "Government") to provide a limited response to Ayabar's Petition (ECF No. 1). The Government was to address: (1) whether Ayabar remains in the United States, and if so, where he is being held in custody; and (2) whether Ayabar remains subject to a final removal order. ECF No. 16 at 3. The Court also allowed counsel for Ayabar the opportunity to amend the Petition to address the same issues. *Id.*

The Government submitted: (1) a Response to Emergency Petition for Writ of Habeas Corpus (ECF No. 18); (2) the three-page Declaration of Alcide Benoit, the Acting Field Office Director of the U.S. Immigration and Customs Enforcement Facility in Pine Prairie, Louisiana (the "Declaration," ECF No. 18); and (3) a Notice of Intent to Reinstate Prior (Removal) Order (ECF No. No. 18-2). Neither an

amendment nor a request for extension has been filed for Ayabar. Expedited briefing deadlines have passed.

Because these proceedings have been expedited, the Court did not require production of the entire administrative record. As a result, there may be procedural and substantive questions about the underlying removal order. But this Court's first obligation is to determine whether it may exercise jurisdiction. And the salient, uncontested portions of the record – along with the parties' allegations and arguments to this point – reveal several facts that control the question of jurisdiction.

First, Ayabar is still present in the United States and in Government custody. His Petition is not moot. Second, Ayabar's Petition centers upon his order of removal. Ayabar enumerates claims for violations of his right to access counsel and his right to substantive and procedural Due Process under the Fifth Amend. But fundamentally, Ayabar admits the issuance of, challenges the validity of, and seeks a judicial stay of, the removal order. *See, e.g.*, *Vargas v. United States Dep't of Homeland Sec.*, No. 1:17-CV-00356, 2017 WL 962420, at *2 (W.D. La. Mar. 10, 2017) ("Vargas contends she is being denied due process because of her imminent removal through a summary procedure. Again, this Court does not have subject matter jurisdiction to consider any issues pertaining directly to Vargas's removal order.").

Finally, there was at least some prospect of Ayabar's imminent removal. On March 26, 2020, the Dominican Republic Consulate issued travel documents for Ayabar. ECF No. 18 at 2; 18-1. He was then transported to the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana, where he currently remains. ECF No.

18 at 2. Ordinarily, the prospect of Ayabar's removal would likely be irrelevant. But in this instance, the imminence of Ayabar's removal forms part of the basis for his challenge to the removal order. The Court reaches no determination regarding the validity of the removal order, or the merits of the Government's several arguments regarding the merits underlying Ayabar's Petition.

Instead, the Court finds, first, that it lacks jurisdiction to consider Ayabar's Petition. In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). The Act further provides that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1). No subsequent paragraph of Section 1252(e) specifically authorizes the Court to grant injunctive relief in this case.

In accord, the United States Court of Appeals for the Fifth Circuit routinely holds that the REAL ID Act stripped district courts of jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*)

("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings."); *see also Alvarado-Zamarripa v. Warden, IAH Secure Det. Facility*, 1:17-CV-402, 2019 WL 1301992, at *2 (E.D. Tex. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1301910 (E.D. Tex. Mar. 20, 2019) (district court lacked jurisdiction to consider request for stay of removal).

And the Fifth Circuit has further clarified that, unless the petition containing a request for stay was pending on May 11, 2005, the date the Act was enacted, a district court should not transfer such a petition directly to an appellate court. *See, e.g., Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011) ("[T]he district court could not have transferred Castillo's § 2241 petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act."); *Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006) ("Because Mansoor's § 2241 petition was not pending in the district court on May 11, 2005, the district court's transfer of the case to this court under the REAL ID Act was improper.").

II. <u>Law and Analysis</u>

Because Ayabar is subject to a final order of removal, the Court lacks jurisdiction over Ayabar's challenge to his removal from the United States. *See*

5

*Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019) (REAL ID Act divested district courts of jurisdiction over § 2241 petitions attacking removal orders).

Second, the Court finds that a direct transfer of this case to the appellate court would be improper under the REAL ID Act. *See, e.g.*, *Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011) ("[T]he district court could not have transferred Castillo's § 2241 petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act."); *Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006) ("Because Mansoor's § 2241 petition was not pending in the district court on May 11, 2005, the district court's transfer of the case to this court under the REAL ID Act was improper."). Ayabar's Petition should instead be dismissed without prejudice. *See, e.g.*, *Georges v. United States*, No. 6:17-CV-0495, 2017 WL 1856286, at *2 (W.D. La. Apr. 17, 2017), *report and recommendation adopted,* No. 6:17-CV-00495, 2017 WL 1901417 (W.D. La. May 5, 2017) ("[T]he transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.").

### III. Conclusion

Because this Court lacks jurisdiction over Ayabar's challenge to his removal order, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

6

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE